**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

BID PROTEST

| | | |
|---|---|---|
| CIRCLE LINE – STATUE OF LIBERTY FERRY, INC. | ) | |
| Plaintiff, | ) | Case No. 07-237C |
| v. | ) | |
| | ) | Judge John P. Wiese |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**CIRCLE LINE'S MOTION FOR CLARIFICATION OF THE COURT'S MAY 14, 2007 OPINION**

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff Circle Line–Statue of Liberty Ferry, Inc. respectfully requests that the Court clarify its May 14, 2007 Opinion to make clear that, in addressing Circle Line's request for a preliminary injunction, it has not ruled on the merits of Circle Line's claims and that the dismissal is without prejudice to Circle Line's option of bringing a later action at the conclusion of the Park Service's bid evaluation process.

**BACKGROUND**

On April 16, 2007, Circle Line filed a verified complaint protesting the National Park Service's solicitation for the next concessions contract for ferry service to the Statue of Liberty National Monument and Ellis Island. Circle Line's complaint sought a preliminary injunction suspending the date for submission of proposals and barring the defendants from enforcing any of the unlawful aspects of their prospectus and the bidding process contemplated therein. *See* Compl. at 50. In addition, Circle Line sought a permanent injunction and declaratory relief, and

it requested that the Court vacate any agency action found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See id*.

Circle Line's complaint includes nine counts, alleging violations of the Tucker Act, the Administrative Dispute Resolution Act, and the Concession Laws:

> Count I: Violation of the 1998 Act, and Arbitrary, Capricious, and Unlawful Deprivation of Right of Preference (*See* Compl. ¶¶ 123-131);
>
> Count II: Arbitrary and Capricious Violation of Park Service Regulations (*See* Compl. ¶¶ 132-141);
>
> Count III: Arbitrary and Capricious Burden On Holders Of Implied Rights of Preference (*See* Compl. ¶¶ 142-148);
>
> Count IV: Violation of Contractual Commitments (*See* Compl. ¶¶ 149-155);
>
> Count V: Arbitrary and Capricious Procedures for Estimating the Value of Circle Line's Assets And Refusal To Disclose Relevant Information (*See* Compl. ¶¶ 159-167);
>
> Count VI: Arbitrary Refusal To Interpret The Existing Contract's Asset Transfer Procedures And Disclose That Interpretation To All Bidders (*See* Compl. ¶¶ 168-176);
>
> Count VII: Request For Declaration Of Rights Under The Asset-Transfer Provisions Of Circle Line's Existing Contract (*See* Compl. ¶¶ 177-186);
>
> Count VIII: Arbitrary, Capricious, And Unlawful Violation Of Statutory Requirements (*See* Compl. ¶¶ 192-195);
>
> Count IX: Unexplained Departure From Precedent And Agency Procedures (*See* Compl. ¶¶ 196-202).

When filing its complaint, Circle Line also filed a motion for preliminary injunction and temporary restraining order. Because the Park Service declined to delay its solicitation, there was no time for the Court to hold an evidentiary hearing or permit reasonable discovery. Instead, the parties briefed the preliminary injunction issues on a greatly accelerated schedule and, on April 26, 2007, the Court held oral argument and announced its ruling on Circle Line's motion.

On May 14, 2007, the Court entered an opinion explaining in writing its reasons for denying Circle Line's motion for preliminary injunction and temporary restraining order.

The United States never moved to dismiss the complaint. Nor did it request that the Court consolidate its consideration of Circle Line's request for a preliminary injunction with a trial on the merits. *See* Fed. R. Civ. P. 65(a)(2). Nonetheless, in its April 26 decision, the Court not only denied the motion for a preliminary injunction and temporary restraining order, but also sua sponte directed the Clerk to dismiss Circle Line's complaint.

Circle Line now seeks clarification that the Court's sua sponte dismissal is without prejudice. The Park Service has told Circle Line that it intends to oppose this request for clarification.

**ARGUMENT**

Circle Line respectfully believes that the Court erred in declining to grant its request for a preliminary injunction and temporary restraining order. In particular, Circle Line believes that the Court misinterpreted the requirements of the 1998 Act and failed to appreciate the serious legal flaws in the Park Service's prospectus and solicitation process. Although Circle Line recognizes that the Court was forced to make a decision on an expedited basis, it also believes that with further briefing, reasonable discovery, and an evidentiary hearing, the Court would ultimately conclude that the Park Service has not complied with its legal obligations. Circle Line is nonetheless not intending to pursue an appeal of the Court's May 14 decision provided that it is clear, as the Court appeared to suggest at the April 26 hearing, that Circle Line will be permitted an opportunity to fully and fairly litigate any claims it may have, should it so choose, after the Park Service has awarded the next concessions contract. *See, e.g.*, 05/26/07 Hrg. Tr. 67-69, 74-75.

If the contract is not awarded to Circle Line, and if the Park Service refuses to honor Circle Line's right of preference in renewal, Circle Line is confident that evidence not available or considered by the Court at the preliminary injunction stage will further substantiate Circle Line's claims on their merits. *See New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992) (noting that the record at the preliminary injunction stage "does not usually allow for a reliable resolution of the merits"); *Roper Corp. v. Litton Systems, Inc.*, 757 F.2d 1266, 1271 (Fed. Cir. 1985) ("[s]ubstantive issues ... are not raised for final resolution" in preliminary injunction motions). For example, Circle Line believes that discovery may well reveal that the Park Service has documents in its possession, including letters, internal memoranda, and other contemporaneous written evidence, supporting the unrebutted testimony of the individuals involved in negotiating Circle Line's current contract. *See Amfac Resorts, LLC v. U.S. Department of Interior*, 282 F.3d 818, 830 (D.C. Cir. 2002) (a concessioner is entitled to reasonable discovery to prove an alleged implied right of renewal). Similarly, although the Court's opinion states that it is "striking" that Circle Line did "not insist that its preference for renewal be put in writing," Circle Line expects that other evidence may show that, when the parties' negotiated Circle Line's 1989 contract, such oral understandings were commonly reached between the Park Service and its long-serving concessioners.

That Circle Line should be entitled to a full and fair opportunity to litigate the merits of its claims is strongly supported by case law. A decision granting or denying a motion for preliminary injunction "does not involve a final decision based on the merits of the parties' contentions." *Mackie v. Clinton*, No. 93-5001, 1993 WL 498033, at *1 (D.C. Cir. Oct. 27, 1993); *see also Williams G. Wilcox, D.O., P.C. Employees' Defined Benefit Pension Trust v. United States*, 888 F.2d 1111, 1113-1114 (6th Cir. 1989). The burden of proof on the moving

party is different on a motion for a preliminary injunction, and a court's decision at the preliminary injunction stage of a case is nothing more than a prediction about the merits of the case. *See, e.g.*, *Morris v. Hoffa*, 361 F.3d 177, 189 (3d Cir. 2004). Accordingly, as courts have recognized, a "decision whether to grant or deny a preliminary injunction does not constitute the law of the case for the purposes of further proceedings and does not limit or preclude the parties from litigating the merits, unless there has been an order of consolidation pursuant to Rule 65(a)(2)." *Berrigan v. Sigler*, 499 F.2d 514, 518 (D.C. Cir. 1974); *see also Ecolab v. Johnson Diversey, Inc.*, 95 Fed. Appx. 322, 331 n.1 (Fed. Cir. 2004) (because "the record in preliminary injunction proceedings is often limited," a district court's "claim construction at the preliminary injunction stage … does not stand as law of the case for the purpose of subsequent proceedings in the case"). The "purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held" and that, given "this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

In this case, because the precise basis for the Court's *sua sponte* dismissal is unclear, there is a small and unfortunate possibility that the Park Service might later attempt to put forward a (groundless) argument that Circle Line is barred from litigating its claims on their merits. This concern is heightened by the fact that the Park Service has told Circle Line that it intends to oppose this request for clarification.

## CONCLUSION

For the foregoing reasons, Circle Line respectfully requests that the Court clarify that it has only decided Circle Line's motion for a preliminary injunction and temporary restraining order, and that its dismissal order is without prejudice to Circle Line bringing a later action, if it so chooses, at the conclusion of the Park Service's bid evaluation process.

Respectfully submitted,

s/ Robert R. Gasaway
by s/ Edward H. Meyers

Robert R. Gasaway
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorney for plaintiff*
*Circle Line–Statue of Liberty Ferry, Inc.*

May 29, 2007

**ADDITIONAL COUNSEL:**

OF COUNSEL:

Raymond G. McGuire
KAUFF MCCLAIN & MCGUIRE LLP
950 Third Avenue, 14th Floor
New York, N.Y. 10022
Telephone: (212) 644-1010
Facsimile: (212) 644-1936

OF COUNSEL:

Edward J. Boyle
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, N.Y. 10017
Telephone: (212) 490-3000
Facsimile: (212) 490-3038

OF COUNSEL:

Robert R. Ryland
Jeffrey B. Clark
Ashley C. Parrish
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for Circle Line–Statue of Liberty Ferry, Inc.*

May 29, 2007