**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CIRCLE LINE – STATUE OF LIBERTY FERRY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-237C<br>(Judge Wiese)<br><br>BID PROTEST |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S MAY 14, 2007 OPINION**

In its May 14, 2007 Opinion, the Court denied Circle Line's motion for temporary restraining order and preliminary injunction, finding that (1) Circle Line demonstrated no likelihood of success on the merits of its claim that its contract contains an implied right of preference in renewal; (2) the description of Circle Line's vessels and asset transfer procedures in the Park Service prospectus was sufficient; and (3) the Park Service lawfully set the rates that the next concessioner will charge. Circle Line-Statue of Liberty Ferry, Inc. v. United States, ___ Fed. Cl. ___, 2007 WL 1417430 (Fed. Cl. May 14, 2007) ("Circle Line"). The Court also held that Circle Line did not demonstrated irreparable harm where redress of renewal preference claim was available as a breach of contract action. Id., slip op at 10-11. Accordingly, the Court denied the motion and dismissed Circle Line's complaint. Id., slip op. at 12.

Circle Line has now filed a motion for clarification under RCFC 59(e) requesting that the Court "make clear" that it "has not ruled on the merits of Circle Line's claims and that the dismissal is without prejudice to Circle Line's option of bringing a later action at the conclusion

of the Park Service's bid evaluation process." Circle Line Mot. at 1. As explained below, the Court correctly dismissed the complaint. To the extent Circle Line seeks to bring another bid protest on the basis of any of the three issues previously raised, the Court's judgment is final.

## I. The Court Has Ruled That Circle Line Has No Implied Contract Right And, In Any Event, Has A Remedy At Law

Circle Line argued in its complaint and motion for injunctive relief that the Court should force the Park Service to honor an alleged implied contractual right to preference in renewal. The renewal preference, as a matter of statute in the 1965 Concessions Act, gave existing concessioners an opportunity to match the best offer prior to award to a successor concessioner. 16 USC § 20d. Congress expressly abolished the statutory right by passage of the 1998 Concessions Act. 16 USC § 5952(7). Circle Line claimed in its complaint and motion for injunctive relief that its renewal preference was not only statutory, but in fact included in its 1989 contract as an implied-in-fact term. Circle Line offered a substantial body of evidence to support its claim of an implied contract right, including declarations from company officers, former Park Service employees, and other concessioners.

The Court considered Circle Line's evidence and arguments before determining that the evidence was "insufficient to demonstrate any likelihood of success on the merits." Circle Line, slip op. at 8. The Court found that none of the evidence suggested that Circle Line's renewal preference was anything more than the same *statutory* right that all concessioners had under the 1965 Act. Id., slip op. at 6. Circle Line never had "a contractual right that insulates [Circle Line] from a change in law." Id. The Court noted that "there is a complete absence of a contemporaneous written record documenting the right that plaintiff now claims," and that it is "quite simply inconceivable" that such a contract right – if one truly existed – would not have been recorded. Id., slip op. at 7.

Finally, at the close of its opinion the Court considered Circle Line's assertions of irreparable harm. The Court held that even if it accepted Circle Line's claim of an implied contractual right, the Park Service's refusal to honor the term would at best constitute a breach of contract. Id., slip op. at 10-11. The Court stated:

> Because there is an adequate remedy at law for such a breach – the pursuit of contract damages – plaintiff is not entitled to specific performance. . . . [W]here, as here, a plaintiff seeks to enforce a contract right and has an established history of operation, any remedy would be in contract and any damages would be readily proveable.

Id.

Circle Line's current motion asks the Court to rule that Circle Line "will be permitted an opportunity to fully and fairly litigate any claims it may have, should it so choose, after the Park Service has awarded the next concessions contract." Circle Line Mot. at 3. However, we think it is clear that the Court fully considered Circle Line's evidence of its renewal preference, and determined that no such right exists in its current contract. Moreover, it is equally clear that the Court's decision bars Circle Line from raising the implied right of renewal issue as part of a future protest of the Park Service procurement. The Court found that Circle Line's sole remedy, if one existed at all, was damages via a breach of contract action. Simply put, Circle Line may have had a breach claim, but not a bid protest. Accordingly, the dismissal was correct because Circle Line's complaint was a bid protest seeking injunctive relief and not a complaint alleging breach and breach damages. Circle Line cannot be permitted to raise its claim of an implied contract right again in a later bid protest. For these reasons, the Court should deny the motion.

## II. The Court Necessarily Decided The Merits Of Circle Line's Remaining Two Claims

Circle Line also contended in its complaint and motion for injunctive relief that the Park Service's prospectus was flawed because the Park Service failed to accurately value and explain

the transfer of Circle Line's vessel assets to the successor concessioner, and that the Park Service illegally set the rates that will be charged under the next contract. The Court rejected these challenges to the solicitation, finding that (1) the Park Service's valuation of Circle Line's assets was not arbitrary or defective; (2) the Park Service sufficiently explained the asset transfer procedures; and (3) the Park Service was "well within its rights" to set rates in the prospectus. Circle Line, slip op. at 8-10.

Circle Line's current motion appears to seek permission to litigate these claims again. Circle Line Mot. at 2. However, the Court held – as a matter of law – that Circle Line's claims were unfounded and that the Park Service prospectus was not flawed. Further, there is ample precedent that challenges to the terms of a solicitation may only be raised prior to the evaluation of offers and award. Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487, 513-14 (2006) (plaintiff's post award challenge disputing the Park Service's interpretation of relevant laws and regulations held untimely) (citing Bannum, Inc. v. United States, 60 Fed. Cl. 726 (2004), rev'd and remanded on other grounds, 126 Fed. Appx. 958 (Fed. Cir. 2005) (unpubl.); Argencord Mach. & Equip., Inc. v. United States, 68 Fed. Cl. 167, 176 n.14 (2005) ("challenges to the solicitation must be raised prior to the deadline for receipt for offers"); Novell, Inc. v. United States, 46 Fed. Cl. 601, 615 (2000)). In this case, Circle Line's pre-award challenge to the prospectus was timely because it was filed prior to the submission and evaluation of offers. As explained above, the Court considered the questions raised and determined they were without merit. Accordingly, Circle Line's prospectus-based claims were properly dismissed at the close of the Court's opinion and may not be raised as part of any further protest now that the Park Service has received and evaluated offers.

**CONCLUSION**

For all of the reasons discussed above, defendant respectfully requests that the Court deny plaintiff's motion for clarification.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

ANTHONY R. CONTE
Regional Solicitor
U.S. Department of the Interior
One Gateway Center
Newton, MA 02458

LARS HANSLIN
Office of the Solicitor
U.S. Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624
Attorneys for Defendant

June 11, 2007