# In the United States Court of Federal Claims

No. 07-237C
Filed: June 25, 2007

| | |
|---|---|
| CIRCLE LINE—STATUE OF LIBERTY FERRY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

---

ORDER

CLARIFYING THE COURT'S MAY 14, 2007, OPINION

---

In a May 29, 2007, motion for clarification, plaintiff requested that the court amend its May 14, 2007, opinion to confirm that the denial of a preliminary injunction and the subsequent dismissal of plaintiff's complaint do not preclude plaintiff from fully litigating the merits of its claim through an action for a post-award, permanent injunction. Defendant opposed plaintiff's motion, arguing that the court's judgment was final with respect to the issues raised in the bid protest and that plaintiff's relief, if any, must come in the form of a breach of contract action and not a permanent injunction.

Defendant's interpretation of the court's decision is the correct one. This court denied plaintiff's motion for a preliminary injunction both because plaintiff failed to demonstrate any likelihood of success on the merits and because, with regard to its breach of contract claim, plaintiff possessed an adequate remedy at law and therefore could not demonstrate irreparable harm. While the discovery plaintiff now seeks may help it to prove the merits of its breach of contract claim, it would not alter the fact that plaintiff's harm is not irreparable (and injunctive relief therefore is not available) where plaintiff has, as it alleges here, an enforceable right to preference

in contract renewal and thus, in the event of a breach, an adequate remedy at law, i.e., a suit for monetary damages (including lost profits). See Circle Line—Statue of Liberty Ferry, Inc. v. United States, No. 07-237C, slip op. at 11 (Fed. Cl. May 14, 2007).

Plaintiff's reliance on Magic Brite Janitorial v. United States, 69 Fed. Cl. 319 (2006), does not change this result. In Magic Brite, the injury alleged involved a violation of the government's option to renew, whereas here, the injury claimed lies in violation of the government's obligation to renew. It is only in the latter situation that the law recognizes a right to relief, i.e., an action for breach damages. In the former, relief, if available at all, is limited to an injunction.

Plaintiff's other claims—the valuation and transfer of plaintiff's assets and the setting of fare rates—engaged no controverted facts and thus were fully decided on their merits as issues of law. The resolution of these claims therefore was not preliminary but final.

Accordingly, the court's May 14, 2007, opinion should be read as denying all injunctive relief (both preliminary and permanent) while at the same time leaving open plaintiff's right to pursue a claim for breach of contract.

s/John P. Wiese
John P. Wiese
Judge